# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv494

| | |
|---|---|
| MELISSA ABSHIRE, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> MICHAEL J. ASTRUE, ) </br> Commissioner of Social Security, ) </br> ) </br> Defendant. ) </br> ) </br> _____ ) | **MEMORANDUM OF** </br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Petition for Attorney's Fees and Costs. [Doc. 20].

## I. PROCEDURAL HISTORY

The Plaintiff Melissa Abshire initiated this action on October 31, 2008, seeking review of the denial of her claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on February 18, 2009. [Doc. 6]. Thereafter, the Plaintiff filed a motion for summary judgment on the basis of the administrative record.

[Doc. 15]. The Government in response consented to remand. [Doc. 16]. On August 5, 2009, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 17].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") for 16.5 hours of work performed by her attorney on this case. [Doc. 20]. In response, the Government states that it does not oppose an award of $2,062.50 in fees (16.5 hours at the statutory rate of $125 per hour) to the Plaintiff, provided that this is the only motion filed by the Plaintiff in this case pursuant to the EAJA. [Doc. 21]. The parties subsequently communicated with the Court's chambers and advised that they have agreed to an award of $2,824.80 (16.5 hours at an increased rate of $171.20 per hour).

## II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a "prevailing party" in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA specifically defines "party," in pertinent part, as "an individual whose net worth did not exceed $2,000,000 at the time the civil

action was filed." 28 U.S.C. § 2412(d)(2)(B). The Plaintiff asserts that her net worth was less than $1,000,000 at the time of filing, and thus, she may be considered a proper "party" under the EAJA. Furthermore, because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. In this regard, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of

3

> qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). In the present case, the parties have agreed that the Plaintiff should be awarded a total of $2,824.80 in attorney's fees. Although the Plaintiff has requested an hourly rate in excess of that authorized by the statute ($125 per hour), the Defendant does not object to the requested rate of $171.20 per hour, and the Court finds that rate is warranted due to the increase in the cost of living since May 1996, when Congress enacted the statute. See 28 U.S.C. § 2412(d)(2)(A)(ii). Furthermore, upon careful review of counsel's time sheet and affidavit, the Court finds that the number of hours claimed by the Plaintiff's attorney are reasonable. Based upon a reasonable hourly rate of $171.20 per hour for 16.50 hours spent, the Court concludes that the Plaintiff's requested fee is justified.

The Plaintiff requests that the fee award be paid directly to her attorney. [Doc. 20]. In support of this request, the Plaintiff submits an executed assignment purporting to assign to her attorney any and all EAJA fees to which she is entitled. [Doc. 20-1].

The federal circuits are split as to whether EAJA fees may be awarded directly to a prevailing party's attorney. Some courts have held that EAJA

fees are payable only to the prevailing claimant, and thus, such fees are subject to administrative offset for any other non-tax debts that the claimant owes to the Government.  See Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.), cert. denied, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008); Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007), cert. denied, 129 S.Ct. 486, 172 L.Ed. 355 (2008).  Other courts have held that EAJA fees may be awarded directly to the prevailing party's attorney and cannot be used to offset the claimant's debt.  See Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, – S.Ct. –, 2009 WL 1146426 (Sep. 30, 2009); King v. Comm'r of Soc. Sec., 230 F. App'x 476, 481 (6th Cir. Mar. 28, 2007).  Recently, the Fourth Circuit adopted the position of the Tenth and Eleventh Circuits in holding that an award of EAJA fees is payable only to the claimant as the prevailing party, not the claimant's attorney.  See Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137 (4th Cir. 2009).

      The Fourth Circuit has not specifically addressed whether a court may order the payment of a fee award directly to a prevailing party's attorney where the party has executed a valid assignment of any interest in such award.  The Tenth Circuit, however, has concluded that a district court is not obligated to acknowledge such assignment, reasoning that a private

5

contractual arrangement between a claimant and his counsel for the assignment of fees "does not overcome the clear EAJA mandate that the award is to [the claimant] as the prevailing party." Winslow v. Astrue, 269 F. App'x 838, 839 (10th Cir. Mar. 18, 2008). The Court finds the reasoning of the Tenth Circuit to be persuasive and most consistent with the Fourth Circuit's reasoning in Stephens. Accordingly, the Court concludes that the award of EAJA fees must be awarded directly to the Plaintiff in this case, not the Plaintiff's attorney.

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 20] is hereby **GRANTED**, and the Plaintiff is hereby awarded $2,824.80 in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: November 30, 2009

Martin Reidinger
United States District Judge